IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIO FITZGERALD PETTIFORD, )
)
       Petitioner, )
)    1:10CV147
v. )    1:08CR5-1
)
UNITED STATES OF AMERICA, )
)
       Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mario Fitzgerald Pettiford, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 43.)[1] On December 20, 2007, Petitioner was arrested on a complaint and warrant which alleged that he had possessed a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1), possessed body armor while being a violent felon in violation of 18 U.S.C. § 931(a)(2), possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possessed with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The complaint was issued based on a search of Petitioner's residence that was conducted pursuant to a state court search warrant. (Docket No. 1.) Just over a month later,

---

[1] This and all further cites to the record are to the criminal case.

Petitioner was indicted on those same charges. (Docket No. 9.) Petitioner went to trial and was convicted on all four counts. (Docket No. 22.) He was subsequently sentenced to 360 months of imprisonment for the cocaine base charge, a consecutive 60 months of imprisonment for the firearm charge under § 924(c), a concurrent 36 months of imprisonment for the body armor charge, and a concurrent 360 months of imprisonment for the possession of a firearm by a felon charge. (Docket No. 24.)

Petitioner did pursue a direct appeal. However, the judgment against him was affirmed by the Fourth Circuit Court of Appeals. (Docket Nos. 40, 41.) Petitioner then filed his current motion under § 2255. He also filed a motion to expand the record to include certain documents related to his prior state court convictions. (Docket No. 47.) Respondent filed a response opposing the § 2255 motion (Docket No. 48), but has not opposed the motion to expand the record. Therefore, the motion to expand will be granted. Also, Petitioner has filed a reply in support of his motion under § 2255. (Docket No. 50.) The § 2255 motion is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

### Petitioner's Claims

Petitioner raises only two claims in his motion. The first is one for ineffective assistance of trial counsel. He elaborates on that claim by alleging that: (1) his attorney failed to challenge the state court search warrant based on the fact that the judge who issued it was a former prosecutor who had previously prosecuted Petitioner in state court,

(2) counsel did not move to dismiss the complaint for not including the essential elements of "willfully, knowingly, intentionally, and unlawfully," (3) Petitioner was denied counsel of his choice and appointed counsel did not vigorously litigate the case, (4) counsel allowed the government to alter the results of a chemical analysis so that the substance involved in the case was cocaine base or crack cocaine and not cocaine hydrochloride, and (5) his attorney did not make sure that the sentence was properly calculated. In Petitioner's second claim, he alleges prosecutorial misconduct because (1) the Assistant United States Attorney (AUSA) who prosecuted him in federal court was once an Assistant District Attorney who prosecuted Petitioner in state court and who worked with the state court judge who issued the search warrant mentioned in Petitioner's first claim and (2) the AUSA changed the chemical analysis from cocaine hydrochloride to cocaine base in open court.

## Discussion

### Ineffective Assistance of Counsel

Petitioner's first set of claims is for ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have

merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

Petitioner's first claim is that his attorney failed him by not challenging the state court search that uncovered the evidence supporting his convictions. He claims that his attorney should have argued that the state court search warrant was invalid because the judge who issued it was a former prosecutor who had previously prosecuted Petitioner.

The United States Constitution requires that an official reviewing a search warrant be "neutral and detached." *Coolidge v. New Hampshire*, 403 U.S. 443, 453 (1971). In the case of *United States v. Powell*, 28 F.3d 1212 (Table), 1994 WL 369491 (4th Cir. July 15, 1994), the Fourth Circuit confronted a situation nearly identical to Petitioner's, except that the attorney in *Powell* did raise the issue in a motion to suppress. He argued that the judge issuing the warrant was not "neutral and detached" because he had previously prosecuted the defendant and had sentenced him in a different prior criminal case. The District Court denied the motion and the Fourth Circuit affirmed the denial on appeal. It held that the past actions of the judge in prosecuting and sentencing the defendant in cases unrelated to the case where the warrant was issued did not render him incapable of being "neutral and detached." *Id*. at *2. The same is true here. Therefore, Petitioner's attorney did not improperly fail to make a motion to suppress and, in any event, did not prejudice Petitioner. There is no reason that

-4-

the motion, if raised, would not have been denied under the reasoning in *Powell*. Petitioner's first claim of ineffective assistance of counsel should be denied.

Petitioner's next allegation is that his attorney improperly failed to challenge the complaint for not including language stating that he violated the law "willfully, knowingly, intentionally, and unlawfully." This claim fails, if for no other reason, because any challenge to the complaint would have resulted at most in only a temporary victory for Petitioner. Assuming purely for the sake of argument that Petitioner's attorney had raised a successful challenge to the complaint, Petitioner would have been freed only to be rearrested following his indictment about than a month later. Petitioner's attorney was appointed on December 21, 2007, and Petitioner was indicted on January 28, 2008. Nothing related to the technical defect in the complaint which is alleged by Petitioner would have prevented his being indicted.[2] He cannot rest a successful ineffective assistance of counsel claim on counsel's failure to attempt what would have been at best a temporary and meaningless victory. This claim should be denied.

Petitioner's third claim of ineffective assistance of counsel asserts that he was denied counsel of his choice and that his appointed counsel did not vigorously litigate his case. The first part of this claim, that Petitioner was denied counsel of his choice, is based on the trial

---

[2] There is also nothing that would have kept the government from simply having the complaint corrected and immediately reissued if the first complaint were found to be defective. This would have resulted in Petitioner being released for only a very brief time, if at all.

judge's denial of Petitioner's request for an extension of time to retain counsel. That request was denied on April 18, 2008. The denial of the request for a continuance had nothing to do with any action or inaction by appointed counsel and cannot be the basis for a claim of ineffective assistance of counsel. Instead, it would have to be raised as an independent claim. It is not clear that Petitioner wishes to raise it as such. Even if he does, it is without merit. Petitioner would need to show that the trial judge abused his discretion in denying the continuance. *See generally United States v. Corporan-Cuevas*, 35 F.3d 953 (4th Cir. 1994). The record certainly does not show that in this case. Petitioner admitted to the trial judge at a hearing on his motion to continue that he was not in a position to hire an attorney. (Docket No. 34 at 3.) The judge also heard and evaluated problems that Petitioner reported having with trial counsel. He then instructed Petitioner and his attorney to keep working together and denied the motion to continue before setting the matter for trial. (*Id*. at 17-18.) Petitioner points to nothing that would remotely constitute an abuse of discretion. No matter how it is construed, this claim should be denied.

The second portion of Petitioner's third ineffective assistance of counsel allegation, which is raised in the memorandum supporting his § 2255 motion (Docket No. 45 at 12), is that his attorney did not vigorously litigate the case. This is nothing more than a conclusory statement of ineffective assistance of counsel. Whether or not the attorney properly litigated the case is really a matter that will be determined based on the other ineffective assistance

-6-

of counsel claims raised by Petitioner. As a stand-alone statement, it fails for being conclusory under *Nickerson*.

Petitioner's fourth claim for relief asserts that his attorney erred by allowing the government to change the results of a chemical analysis so that the substance involved in the case was cocaine base or "crack," rather than cocaine hydrochloride or cocaine powder. This claim simply misstates the facts of the case. Counsel did not allow the analysis to be altered. What was altered was actually a stipulation that was introduced at trial regarding the chemical analysis. The original stipulation stated that "cocaine hydrochloride, parentheses, base, end parentheses" was found to be present during the analysis and that "cocaine hydrochloride is a Schedule II controlled substance." (Docket No. 35 at 86.) The parties agreed in open court at trial that this stipulation was erroneous and should be amended. It was changed to read that the substance tested was "cocaine base" and that "cocaine base is a Schedule II controlled substance." (*Id*. at 91.) Petitioner read over and initialed these changes himself. (*Id*. at 90-91.) He cannot contest them now. Further, Petitioner has produced no evidence to suggest that the analysis did not show the presence of cocaine base or that his attorney had any viable way to litigate this issue at trial. This claim of ineffective assistance of counsel should be denied.

Petitioner's final claim of ineffective assistance of counsel alleges that counsel did not see that his sentencing range was properly calculated. He alleges three errors in this area. The first is that counsel allowed cocaine base to be used to calculate his sentence instead of

-7-

cocaine powder. As noted above, the fact that cocaine base, not cocaine powder, was involved in the offense was established via the parties' stipulation. Counsel would have had no way to contest this fact at sentencing and was proper in not doing so.

Second, Petitioner complains that he was incorrectly determined to be a career offender. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence" and "controlled substance offense" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

Petitioner states that the prior state convictions that were used to sentence him as a career offender were obtained under statutes that included both offenses which would qualify as controlled substance offenses for career offender purposes and those which would not qualify. (Docket No. 45 at 15.) He then cites to the case of *Shepard v. United States*, 544 U.S. 13 (2005). In *Shepard* the United States Supreme Court considered whether burglary

-8-

convictions under Massachusetts law could be considered as predicate offenses under the Armed Career Criminal Act (ACCA). Only certain burglaries (burglaries of buildings or enclosed spaces, not vehicles) qualify as violent felonies under the ACCA. In *Shepard*, the prior state burglary convictions occurred under statutes that included both burglaries that would, and burglaries that would not, qualify as violent felonies. Nothing in the defendant's charging documents, plea agreement, plea colloquy, or comparable records removed the possibility that his convictions were for burglaries that would not be violent felonies under the ACCA. The Supreme Court held that other documents, such as police reports and complaint applications, could not be consulted to determine the nature of the burglaries and they could not be counted as ACCA predicates. *Id*. at 26.

Petitioner's controlled substance convictions are very different from the burglary convictions in *Shepard*. Unlike the convictions in *Shepard* where the defendant was convicted of "burglary" without any way to tell if the burglary was one that qualified as a predicate offense, the controlled substance offenses establishing Petitioner's status as a career offender all include either an actual sale of the controlled substance or possession with the intent to sell. This is set out in the PSR and in Petitioner's own exhibits. (PSR ¶¶ 19, 36; Docket No. 47, Exs.) Therefore, they categorically qualify as controlled substance offenses under USSG § 4B1.2(b) and the problem present in *Shepard* is not present here. Petitioner's attorney did not err in failing to object to their use and Petitioner was not prejudiced in any event.

Finally, Plaintiff argues that counsel should have objected to the imposition of a consecutive sentence for the § 924(c) conviction based on the argument described in *United States v. Williams*, 558 F.3d 166 (2d Cir.), *petition for cert. filed*, 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466). That case held that the consecutive minimum sentencing provisions found in § 924(c) do not apply where a defendant is convicted of both a drug offense and of using a firearm to further that drug offense and the drug offense carries a higher minimum mandatory sentence than the § 924(c) offense.

It is no surprise that Petitioner's attorney did not raise this argument. As was noted in *Williams*, the Second Circuit's construction of § 924(c) has been rejected by the Fourth Circuit Court of Appeals. *Id.* at 172-73 (citing *United States v. Studifin*, 240 F.3d 415, 423 (4th Cir. 2001)). The sentencing judge would not have been at liberty to simply disregard Fourth Circuit precedent. Therefore, raising the argument was futile. Petitioner's attorney did not provide deficient representation or prejudice Petitioner by not raising it. This claim, like Petitioner's other ineffective assistance of counsel claims, should be denied.[3]

---

[3] At various points in his pleadings, Petitioner makes numerous other allegations regarding counsel's perceived shortcomings. He does not appear to seek to raise these as additional or separate claims of ineffective assistance of counsel. However, to any extent that he might, the allegations are conclusory, incorrect, or fail to meet the requirements of *Strickland*. Therefore, they should also be denied.

-10-

Case 1:08-cr-00005-WO   Document 52   Filed 06/22/10   Page 10 of 12

### Prosecutorial Misconduct

In addition to his ineffective assistance of counsel allegations, Petitioner also raises a claim based on prosecutorial misconduct. He claims first that the Assistant United States Attorney who prosecuted him used to work with the state judge who issued the search warrant for Petitioner's residence. Even if this were true,[4] it is not clear why this would be a problem. As already stated, there was no deficiency with the search warrant based on the fact that the state court judge had previously prosecuted Petitioner. Even more clearly, Petitioner's rights were not violated if the Assistant United States Attorney once worked with that judge as a state prosecutor.

Second, Petitioner claims that the prosecutor engaged in misconduct when he "changed the results of the chemical analysis from cocaine hydrochloride to crack cocaine in open court." (Docket No. 45 at 17.) Again, this did not occur. The prosecutor did not change the analysis, only the possibly misleading description of the analysis that was contained in the initial stipulation. Also, Petitioner himself agreed to the changes. No misconduct occurred. Petitioner's second claim for relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to expand (Docket No. 47) the record is granted.

---

[4] The Assistant United States Attorney who prosecuted Petitioner denies that he ever served with or under the judge who issued the state search warrant. (Docket No. 48 at 10 n.2.)

-11-

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No.43) be denied and that this action be dismissed.


/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 22, 2010