IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIO FITZGERALD PETTIFORD,    )
                               )
        Petitioner,             )
                               )       1:16CV757
    v.                          )       1:08CR5-1
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner was convicted of possession with the intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, possession of body armor by a felon, and possession of a firearm by a convicted felon. (Doc. 24.) He was subject to a statutory enhancement and an enhancement under the advisory sentencing guidelines, and was, respectively, designated an armed career criminal and a career offender. (Doc. 87 ¶¶ 19-20; Doc. 99 at 2.)[1] Petitioner thereafter was sentenced to 420 months of imprisonment. (Doc.

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

24.) His appeal and first two § 2255 motions were unsuccessful. (Docs. 40, 56, and 83.)

With the approval of the Fourth Circuit Court of Appeals, Petitioner filed a third § 2255 motion with this court. (Docs. 84-85.) His sole challenge was that he was no longer an armed career criminal because his prior North Carolina convictions for common law robbery and possession of a weapon of mass destruction no longer qualified as predicates under the Armed Career Criminal Act. (Doc. 85 at 11.) Petitioner acknowledged that even if the armed career criminal designation were to be removed, he would "still face the same 420 month sentence that was originally imposed." (Id. at 14.) However, he still sought to be resentenced without the armed career criminal designation, citing the possibility that the Fair Sentencing Act of 2010 might later be made retroactive. (Id.)

The court then appointed Petitioner counsel and stayed the matter pending the Supreme Court's resolution of Beckles. (Text Order 09/14/2016.) After the Court decided Beckles and held that the advisory guidelines were not susceptible to a vagueness challenge, Beckles v. United States, 580 U.S. \_\_\_\_, \_\_\_\_, 137 S. Ct. 886, 890 (2017), Petitioner, through counsel, filed a notice of voluntary dismissal, (Doc. 89), and his § 2255 proceeding was closed. (Text Order 04/21/2017.) Roughly four months later,

- 2 -

Petitioner filed a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 95.) In it, Petitioner contended that his court-appointed attorney "erroneously advised [him] to voluntarily dismiss his [§ 2255] claim under the assumption that his challenge was one arising against the sentencing guidelines," and not (as was the case) a challenge to his armed career criminal designation. (Id. at 9.)

The court then conducted a preliminary assessment of Petitioner's motion for reconsideration, (Doc. 118), and ordered that the Government brief it:

> Upon a preliminary assessment, the court is not initially persuaded by this argument [for reconsideration], as the pleadings make clear that Petitioner was fully aware of counsel's advice at the time Petitioner elected to dismiss his § 2255 claim. For example, it appears that Petitioner could determine, from the information in the letters counsel sent him, what claim counsel was addressing and why he was addressing it. (Doc. 95 at 29-30.) As noted, Petitioner acknowledged in his § 2255 claim that obtaining relief from the full sentence would require some form of future additional action beyond simply the removal of his designation as an armed career criminal. (Doc. 85 at 14.) Although Petitioner suggested a potential retroactive application of the Fair Sentencing Act, (id.), the Fair Sentencing Act was held to not apply retroactively before Petitioner's dismissal was filed. See United States v. Black, 737 F.3d 280 (4th Cir. 2013).
>
> In any event, in spite of the state of the law at the time Petitioner voluntarily dismissed his § 2255 claim, the unexpected did occur and Congress subsequently passed the First Step Act which permits retroactive consideration of the Fair Sentencing Act penalties. While Petitioner's motion for reconsideration was pending, he filed a motion to reduce his sentence pursuant to the First Step Act. (Doc. 97.) The First Step Act motion is now fully briefed

and before the Court for resolution. However, prior to
resolving Petitioner's First Step Act motion, the Court is
inclined to consider and potentially resolve his
outstanding motion for reconsideration of the voluntary
withdrawal of his § 2255 motion. To that end, the court
requires additional briefing.

(Doc. 118 at 3-4.) The Government then filed the ordered response, (Doc. 125), and the time for Petitioner to file a reply has expired. Petitioner's motion for reconsideration is now ready for a resolution.

For the following reasons, Petitioner's motion for reconsideration, (Doc. 95), will be denied. A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). After that threshold showing is met, the movant must satisfy one of the six specific sections in Rule 60(b):

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

- 4 -

> (5) the judgment has been satisfied, released or
>       discharged; it is based on an earlier judgment
>       that has been reversed or vacated; or applying it
>       prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In order to qualify for relief under Rule 60(b), the moving party must file the motion "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Subsection six of Rule 60(b), which Plaintiff invokes, is a catch-all clause, but it "may be invoked in only extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Such a circumstance "will be particularly rare where the relief sought is predicated on the alleged failures of counsel in a prior habeas petition. That is because a habeas petitioner has no constitutional right to counsel in his habeas proceeding . . . ." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)); see also Post v. Bradshaw, 422 F.3d 419, 423 n.1 (6th Cir. 2005) (stating that "a

- 5 -

petitioner does not have a constitutional right to habeas counsel, much less a right to effective habeas counsel").

Here, as a preliminary matter, Petitioner offers no reason for his delay in filing this motion. Petitioner filed his motion for reconsideration, (Doc. 95), on August 17, 2017, a little more than four months after he filed his April 10, 2017 notice of dismissal (Doc. 89), and a little less than four months after the court recognized that notice and ordered the clerk to close this case on April 21, 2017, (Text Order 4/21/2017.) The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (citations omitted). Petitioner's motion therefore fails for this reason alone.

And, even assuming Petitioner has met the threshold requirements, he does not show that he is entitled to relief under one of the six subsections of Rule 60(b). Petitioner specifically invokes Rule 60(b)(6); however, his ground for reconsideration is that "on the erroneous advice of Placke, [Petitioner] agreed to the voluntarily [sic] dismissal of his approved successive § 2255 motion, in light of actually being sentenced too, as a career offender[.]" (Doc. 95 at 3.) This

- 6 -

Case 1:08-cr-00005-WO   Document 126   Filed 09/09/20   Page 6 of 8

sounds to the court like a request for relief under Rule 60(b)(1) on the grounds of attorney error or mistake.

However, regardless of whether Petitioner's motion is construed as a motion for relief under Rule 60(b)(1) or 60(b)(6), it fails. Normally, mistakes of counsel are not grounds for relief under Rule 60(b). 11 Charles Alan Wright et al., Federal Practice and Procedure § 2858 (3d ed. 2020); Sloan v. Bertelsmann Music Grp., Inc., No. 92-1825, 1993 WL 359470, at *1 (4th Cir. Sept. 16, 1993). And, in any event, there was no meaningful mistake here and these circumstances are not extraordinary. In early 2017, counsel advised Petitioner to voluntarily withdraw a § 2255 proceeding that would, by Petitioner's own admission, not reduce the length of his sentence if it were successful. (Doc. 95 at 8-9, 29-30.) In light of the circumstances at that time, counsel's advice was not unreasonable. Petitioner knew this when he decided to voluntarily withdraw his § 2255 proceeding. (Doc. 85 at 14.) Consequently, there was no meaningful mistake here by either Petitioner or counsel. Instead, Petitioner has simply changed his mind. However, "'[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.'" Palm Beach

- 7 -

Strategic Income, LP v. Stanley P. Salzman, P.C., No. 10-CV-0261 (JS)(AKT), 2011 WL 2532914, at *5 (E.D.N.Y. June 23, 2011) (quoting Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986)).

Moreover, because "habeas petitioners represented by counsel have no constitutional right to habeas counsel," "[i]t follows that the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in Strickland." Harris, 367 F.3d at 81. "Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." Id. As explained, that is not the case here. For all these reasons, Petitioner's Rule 60 motion is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration, (Doc. 95), is **DENIED.**

This the 9th day of September, 2020.

　　　　　　　　　　　　　　　　/s/ William L. Osteen, Jr.
　　　　　　　　　　　　　　　　United States District Judge