IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    )
                            )
        v.                  )        1:08-cr-5-1
                            )
MARIO FITZGERALD PETTIFORD  )

## MEMORANDUM OPINION AND ORDER

Defendant Mario Fitzgerald Pettiford ("Defendant") is a
federal inmate serving a total term of imprisonment of 360
months. He has filed a Motion for a Reduction of Sentence
pursuant to 18 U.S.C. § 3581(c)(1)(A). (Doc. 130.) The
Government has filed a response opposing Defendant's motion.
(Doc. 136.) For the reasons discussed below, Defendant's Motion
for a Reduction of Sentence (Doc. 130) will be denied.

## I.    BACKGROUND

After a trial, Defendant was found guilty of possession
with intent to distribute cocaine base, possession of a firearm
in furtherance of a drug trafficking crime, possession of body
armor by a felon, and possession of a firearm by a convicted
felon. (Docs. 22, 24.) For sentencing, Defendant was subject to
a statutory enhancement and was determined to be a career
offender and an armed career criminal. (Doc. 87, ¶¶ 2, 19-20;

Doc. 99 at 2.)[1] Defendant was originally sentenced to 420 months of imprisonment, but the court subsequently granted his Motion for Sentence Reduction pursuant to § 404 of the First Step Act and reduced his sentence to 360 months of imprisonment. (Docs. 24, 128.) Defendant is 60 years old, and his current estimated release date is August 27, 2033.[2]

In his motion, Defendant asserts three grounds as extraordinary and compelling reasons for a reduction of sentence: (1) if sentenced today he would no longer qualify as a career offender (Doc. 130 2-5); (2) the risk from COVID-19 and the severe prison conditions during the COVID-19 pandemic (Id. at 5); and, (3) family circumstances relating to his mother who is in poor health. (Id. at 6-7). In a supplement to his motion, Defendant again argues he should be granted a reduction of sentence because he would no longer qualify as a career offender and because he wants to help care for his mother. (Doc. 138.)

The Government argues that none of Defendant's arguments establish a basis for compassionate release. (Doc. 136 at 2.)

---

[1]All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2]Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc (last visited Dec. 10, 2025) (enter "24053-057" in BOP Register Number field).

The Government argues that Defendant fails to establish an extraordinary and compelling reason for a reduction and that consideration of the § 3553(a) factors weighs against a reduction. (Id. at 14-15.)

## II. __ANALYSIS__

A sentence imposed under the law is intended to be final. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis to do so. Id.; see also 18 U.S.C. § 3582(b). Section 18 U.S.C. § 3582(c)(1)(A), often known as the compassionate release provision, allows a court to reduce a sentence when "extraordinary and compelling" reasons warrant such a reduction, the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and a consideration of the relevant § 3553(a) sentencing factors support a reduction. 18 U.S.C. § 3582(c)(1)(A); see United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. See 18 U.S.C. § 3582(c)(1)(A). The record indicates Defendant filed a request for a reduction of sentence with the warden of FCI McDowell which was denied in October of 2022. (See Doc. 130 at 8; Doc. 136-1 at 1.) Therefore, Defendant has exhausted his

-3-

administrative remedies, and the Court will proceed to the merits of his motion.

### A. **Extraordinary and Compelling Reasons**

#### 1. Defendant's Career Offender Status

Defendant argues that he should be granted a reduction of sentence because there has been an intervening change in the law and he would no longer qualify as a career offender if sentenced today. The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason when an intervening change has "produced a gross disparity" and the defendant has served at least 10 years of "an unusually long sentence." U.S.S.G. § 1B1.13(b)(6). Defendant specifically argues that two of his prior convictions, his convictions for felony common law robbery and felony possession of a weapon of mass destruction, would no longer qualify as predicate offenses if he was sentenced today. (Doc. 130 at 2-3.) He asserts that without these predicates he would no longer qualify as a career offender and would face a substantially reduced sentencing range.[3]

---

[3] Defendant's total offense level of 37 was driven by his career offender designation. (Doc. 87, ¶¶ 19-20.)

-4-

Defendant is incorrect that he would no longer qualify as a career offender. The Sentencing Guidelines provide:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Defendant's presentence report lists the following convictions in addressing the career offender enhancement: (1) felony possession with intent to sell and deliver cocaine (91CRS29294), felony sale and delivery of cocaine (91CRS29294), and felony sale and delivery of marijuana (91CRS29295); (2) felony possession of a weapon of mass destruction (95CRS15186); and (3) felony common law robbery (98CRS5146). Despite Defendant's arguments to the contrary, all of these convictions still qualify as predicate offenses to support the career offender enhancement.

Defendant's conviction for felony common law robbery, for which he served a sentence of 80 to 105 months, qualifies as a crime of violence under § 4B1.1. See United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017) (holding that common law robbery under North Carolina law qualifies as a crime of violence). Defendant's conviction under North Carolina law for felony possession of a weapon of mass destruction also qualifies

-5-

as a crime of violence. Defendant was charged and convicted of possessing a "sawed-off shotgun" with a "barrel length of less than 18 inches or an overall length of less than 26 inches." (Doc. 87, ¶ 42). This conviction, for which Defendant served 20 to 24 months imprisonment, falls within the enumerated crimes of violence under U.S.S.G. § 4B1.2(a)(2).[4] See United States v. Hood, 628 F.3d 669, 672-73 (4th Cir. 2010) (concluding possession of a sawed-off shotgun under North Carolina law constitutes a crime of violence); United States v. Murry, 696 Fed. Appx. 112, 112-13 (4th Cir. 2017) (affirming that a conviction for possession of weapon of mass destruction in violation of N.C. Gen. Stat. § 14-288.8 qualifies as a crime of violence under the sentencing guidelines). And Defendant's conviction for felony possession with intent to sell and deliver cocaine is a controlled substance offense under the guidelines. See United States v. Miller, 75 F. 4th 215, 230-31 (4th Cir. 2023) (holding possession with intent to sell and deliver cocaine under N.C. Gen Stat. § 90-95 is a controlled substance

_____

[4]Relying on Johnson v. United States, 576 U.S. 591 (2015), Defendant argues that his conviction for possession of the sawed-off shotgun should not qualify as a predicate offense because the residual clause of the Armed Career Criminal Act violates due process and he contends the reasoning should extend to the career offender enhancement. (Doc. 130 at 3.) However, the Fourth Circuit has rejected such an argument. See United States v. Murray, 696 Fed. Appx. 112, 112-13 (4th Cir. 2017).

offense). Consequently, Defendant has three predicate convictions that qualify to support the career offender enhancement, and he would remain subject to the enhancement if sentenced today. Accordingly, Defendant has failed to show a gross disparity in sentence based on any purported change in the law and has failed to show an extraordinary and compelling reason for a reduction of sentence on this basis.

    2.   <u>Defendant's Health and COVID-19</u>

Defendant argues that he should be granted compassionate release based on his health conditions and the risk from COVID-19. (Doc. 130 at 5). Defendant argues that COVID infections are "not under control here at McDowell." (<u>Id.</u>) He asserts that he suffers from chronic illnesses such as high blood pressure, obesity, and sinus problems that increase his risk of contracting COVID. (<u>Id.</u> at 5-6.) In addition, Defendant argues that the stress and fear caused by the COVID pandemic has made his sentence more punitive. (<u>Id.</u> at 6.)

Defendant is unable to establish an extraordinary and compelling reason for a reduction in sentence based on these arguments. The Sentencing Commission policy advises that a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

-7-

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). Consequently, a risk from Covid-19 may be considered an extraordinary and compelling circumstance, but a defendant must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." Davis, 99 F.4th at 655 (citing United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023)).

Defendant asserts that because he is 57 years old and suffers from high blood pressure, obesity, and sinus issues he is at increased risk from COVID-19. Defendant is correct that factors such as his age, obesity, and high blood pressure may increase his risk of serious illness from COVID-19.[5] However, there is no indication from Defendant that his health conditions

---

[5] See https://www.cdc.gov/covid//hcp/clinical-care/underlying-conditions.html (last visited Dec. 10, 2025).

are not being adequately addressed in BOP custody, and the records indicate that Defendant has now received three doses of the COVID vaccine, (Doc. 137-2 at 1; Doc. 137-3 at 1), mitigating his risk from future exposure. See Davis, 99 F. 4th at 655-56. Notably, Defendant was diagnosed with COVID in 2021 and recovered from the infection. (Doc. 137 at 7.)

Moreover, Defendant has failed to establish he is at an increased risk from incarceration or presented any evidence he is at a correctional facility "affected or at imminent risk of being affected" by a COVID-19 outbreak or emergency. See U.S.S.G. § 1B1.13(b)(1)(D). Defendant's motion cites to conditions at FCI McDowell, but Defendant is presently incarcerated at Fort Dix FCI. The most recent available data for Fort Dix shows only one open case of COVID-19.[6]

Defendant also refers to the fear of contracting COVID and the more restrictive prison environment as reasons for a reduction of sentence. (ECF No. 130 at 6.) However, "a generalized fear of contracting COVID-19 does not constitute an extraordinary and compelling reason for compassionate release." United States v. McCain, No. 06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. 2023). Nor can the more severe prison environment

---

[6] See https://www.bop.gov/about/statistics_inmate_covid19.jsp

during the COVID-19 pandemic establish a basis for relief. Lockdowns and more restrictive prison procedures were a response to the COVID public health emergency. Courts have generally recognized that these conditions, which were intended to help protect inmates and not punitive, fail to demonstrate an extraordinary and compelling reason for a reduction of sentence. See, e.g., United States v. Ponder, Case No. 1:19CR347-1, 2025 WL 2404525, at *3 (M.D.N.C. Aug. 19, 2025) (collecting cases). Consequently, Defendant has failed to show an extraordinary and compelling reason for a reduction of sentence based on any of his arguments pertaining to COVID-19.

   3.   Family Circumstances

   Defendant also argues he should be granted a reduction in sentence because his mother has significant health issues, and he wants to help care for her. The Sentencing Commission policy guidelines recognize an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

   According to Defendant, his mother is in her mid-70's, recovering from cancer, has kidney failure, high blood pressure, and lung and heart problems. (Doc. 130 at 6-7.) He indicates she is confined to a wheelchair, on a breathing machine, and

-10-

requires dialysis three times a week. (Id.) Defendant argues that he "could be a big help to [his] mother" if he is granted compassionate release. (Id. at 7.)

The Court appreciates that Defendant wants to help care for his mother, but he has failed to establish an extraordinary and compelling reason for a reduction of sentence on this basis. Defendant describes his mother's health issues, but he has not presented any medical records or other evidence to verify her limitations or prove incapacitation. Nor has Defendant shown that there are no other available caregivers. Assuming his mother is incapacitated, Defendant has not explained who has been caring for her or why they are no longer available to do so.[7] Defendant says that his mother has nurses who come to the house daily and he acknowledges he has three half-sisters. With respect to his half-sisters he says, "they all have families and live in different areas of North Carolina," (Doc. 130 at 7), but this does not demonstrate they are unavailable as caregivers. Mere inconvenience or difficulty in providing care does not show incapacitation to act as a caregiver. See, e.g., United States v. Al Hunaity, Crim. No. 18-723, 2024 WL 982044, at *5 (D.N.J.

---

[7] Defendant states his stepfather recently passed away but does not indicate he was caring for his wife and says that his stepfather was paralyzed making it improbable that the stepfather was acting as a caregiver for Defendant's mother prior to his death. (Doc. 130 at 7.)

-11-

Mar. 7, 2024). Consequently, Defendant has failed to show an extraordinary and compelling reason for a reduction of sentence based on his family circumstances.

### B. 18 U.S.C. § 3553(a) Factors

Having determined Defendant fails to show an extraordinary and compelling reason to modify his sentence, the court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. The court finds, in any case, such an analysis does not support granting Defendant relief. Section 18 U.S.C. § 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making the determination, the court weighs the nature of the offense, a defendant's personal history, the sentence relative to the seriousness of the offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide rehabilitative circumstances, and the need to avoid sentencing disparity. 18 U.S.C. § 3553(a).

The court recognizes that Defendant has taken some positive steps towards rehabilitation while incarcerated. He has taken a variety of BOP courses and participated in drug treatment programs, (Doc. 130 at 9-34), and despite earlier citations it appears he has not received a disciplinary infraction since

-12-

2018. (Doc. 137-5 at 1-2.) Nonetheless, consideration of the §
3553(a) factors overall weighs against a reduction.

First, Defendant's substantial criminal history signals a
risk of recidivism and shows behavior that poses a risk to the
public. Defendant has more than 30 prior convictions including
multiple felony drug convictions, as well as felony convictions
for common law robbery, forgery, and possession of stolen goods.
(See, generally, Doc. 87, ¶¶ 24-56.) Defendant has been
convicted of misdemeanor assault on a female four times,
misdemeanor assault on a child under 12, misdemeanor assault
inflicting serious injury, and misdemeanor assault by pointing a
gun. (Id.) Many of Defendant's offenses were committed soon
after completion of a sentence on an earlier offense, or even
while on supervised release, indicating periods of incarceration
and supervised release have done little to curb additional
criminal behavior. Defendant is now in his sixties, an age at
which the risk of recidivism generally declines, see United
States v. Howard, 773 F. 3d 519, 533 (4th Cir. 2014), but the
inference is undermined in Defendant's case as he was already in
his forties at the time he committed the instant offenses.

The serious nature of Defendant's conduct underlying the
instant offenses also weighs against a reduction. Police
obtained a search warrant for Defendant's home after a female

-13-

filed a complaint alleging, he had "kidnapped, raped, and robbed her." (Doc. 87, ¶ 4.) A search of the home produced a loaded handgun, additional ammunition, nine grams of crack, cash, and a duffle bag with a ski mask, bullet proof vest, and cash. (Id., ¶ 5.) Defendant, a convicted felon, admitted the firearm and crack were his, admitted that he knew he was not supposed to have a weapon because of his prior convictions, and most concerning admitted the items in the duffle bag were "for the purpose of committing robberies." (Id., ¶ 6.) These statements evidence a blatant disregard for the law.

Accordingly, the court concludes that consideration of the § 3553(a) factors does not support a reduction of sentence. Any lesser sentence would not promote respect for the law, provide adequate deterrence, or protect the public. Defendant's current sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing.

III. **CONCLUSION**

For the reasons stated, the court finds that Defendant has failed to show an extraordinary and compelling reason for a

reduction of sentence and the factors under 18 U.S.C. § 3553(a) counsel against a reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3581(c)(1)(A), (Doc. 130), is **DENIED**.

This the 16th day of December, 2025.

_____
United States District Judge